IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–38–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| SADIE MARIE TODD, | |
| Defendant. | |

Before the Court is Defendant Sadie Marie Todd's Motion for Early Termination of Supervision. (Doc. 66.) The United States opposes. (Doc. 70.) For the reasons below, the Court denies the Motion.

## Background

On March 30, 2022 Todd was sentenced for possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). (Doc. 48.) The Court sentenced Todd to 48 months imprisonment. (*Id.* at 2.) The Court also imposed four years of supervised release. (*Id.* at 3.) In March 2024, Todd began her term of supervised release.

## Discussion

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is

1

warranted by the conduct of the defendant released and the interest of justice." 18

U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised

release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C.

§ 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Todd has served approximately 24 months of supervision, so she is eligible

for early release. Todd argues that the § 3553(a) factors support early release

because she is a law-abiding citizen, supported and surrounded by the care and

encouragement of her doctor, numerous colleagues and friends. (Doc. 67 at 4.) In

addition, she has met all of her financial obligations and is employed as a licensed

addiction counselor. (*Id.* at 4.) She continues to receive outpatient treatment and

volunteers with three organizations which offer various forms of support to the

community. (*Id.*)

The Government opposes early termination, highlighting that most of the

outpatient treatment Todd received occurred prior to her August 2025 relapse, in

which she admitted to using methamphetamine in violation of her conditions of release. (Doc. 70 at 3.) The Government further notes that in addition to using methamphetamine, Todd violated the terms of her supervised release four times in 2024 by having unauthorized contact with people with felony convictions. (*Id.*) The Government argues that while Todd's "accomplishments are commendable," "doing merely what is expected while on supervision does not justify early termination." (*Id.* at 3–4.)

The Court finds that early termination of supervised release is inappropriate at this time. Todd violated the conditions of her supervised release by using methamphetamine a mere nine months ago. Continued supervision is necessary to support Todd in rehabilitation and ensure her continued success. The § 3553(a) factors do not support early termination of supervised release at this time; however, the Court would consider a renewed motion once Todd has served three years of supervised release.

Accordingly, IT IS ORDERED that Defendant Sadie Marie Todd's Motion (Doc. 66) is DENIED.

DATED this 12th day of May, 2026.

Dana L. Christensen, District Judge
United States District Court

3